**MASSACHUSETTS EYE AND EAR INFIRMARY, Plaintiff**

v.

**NOVARTIS OPHTHALMICS, INC. and QLT, Inc., Defendants**

**QLT, Inc., Counterclaimant**

v.

**Massachusetts Eye and Ear Infirmary, Evangelos S. Gragoudas, M.D., and Joan W. Miller, M.D., Counterdefendants.**

**The General Hospital Corporation, Intervenor**

v.

**Massachusetts Eye and Ear Infirmary, Evangelos S. Gragoudas, M.D., and Joan W. Miller, M.D., Defendants to Intervenor's Complaint.**

**No. CIV.A. 01–10747–EFH.**

United States District Court, D. Massachusetts.

Nov. 23, 2004.

Anthony A. Pastor, Bindu Donovan, James F. Haley, Jr., Karen Mangasarian, Krista M. Rygroft, Fish & Neave LLP, New York, NY, Christine M. Roach, Roach & Carpenter, P.C., Boston, MA, Douglas J. Kline, Erica B. Abate Recht, John J. Cotter, Testa, Hurwitz & Thibeault, LLP, Boston, MA, J. Patrick Kennedy, Bulkley, Richardson & Gelinas LLP, Boston, MA, for Massachusetts Eye And Ear Infirmary, Evangelos S. Gragoudas, Joan W. Miller, Plaintiffs.

Adam R. Gahtan, Denise D. Taliaferro, Dimitrios T. Drivas, James S. Trainor, Jef-

frey J. Oelke, White & Case, LLP, New York, NY, Juliet A. Davidson, Julie E. Green, Todd & Weld, LLP, Boston, MA, for Novartis Ophthalmics, Inc.

Barbara A. Fiacco, Denise W. DeFranco, Donald R. Ware, Mark A Reilly, Sarah E. Cooleybeck, Foley Hoag LLP, Boston, MA, for QLT, Inc., Defendants.

Eric J. Marandett, Wendy S. Plotkin, Choate, Hall & Stewart, Boston, MA, for Eyetech Pharmaceuticals, Inc.

### MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

■ The Defendants QLT, Inc. and The General Hospital Corporation have filed a motion to correct inventorship of the '303 patent pursuant to Title 35, United States Code, Section 256. Section 116 of Title 35 provides that a patented invention may be the work of two or more joint inventors. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed.Cir.1998). To be considered a joint inventor, the defendants "must prove their contribution to the conception of the claims by clear and convincing evidence." *Id.* at 1461. "Conception is the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice. An idea is sufficiently 'definite and permanent' when only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation." *Id.* at 1460 (citations and quotation marks omitted). A joint inventor's contribution to the conception must be significant. *See Fina Oil and Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed.Cir.1997). The line between what is significant and what is insignificant "is sometimes a difficult one to draw." *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir.2004). It is a question that "is fact specific, and no bright-line standard will suffice in every case." *Fina Oil and Chemical Co.*, 123 F.3d at 1473. Nevertheless, some general principles apply. A joint inventor, for example, cannot contribute concepts that are well known or explain what was then the state of the art. *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed.Cir.1998). Nor can a joint inventor's contribution be "too far removed from the real-world realization of an invention." *Eli Lilly and Co.*, 376 F.3d at 1359.

■ In light of the fact intensive nature of this determination, the Court orders an evidentiary hearing on inventorship. *See id.* at 1362 ("Inventorship is a mixed question of law and fact: The overall inventorship determination is a question of law, but it is premised on underlying questions of fact."). The Court requests that the parties focus particularly on:

1. Whether the "general procedure" described in the claims of the '303 patent (namely, a method of treating age-related macular degeneration by administering green porphyrin dye and irradiating the neovasculature with light from a laser) was well known or was already contained in the state of the art.

2. Whether the defendants contributed to the general procedure.

3. Whether the defendants contributed to the irradiance range in the claims of the '303 patent, including any contributions to experiments involving the irradiance range.

4. Whether the defendants' contribution to the irradiance range, if such a contribution was in fact made, was significant or whether their contribution was already well known, already contained in the state of the art, or far removed from the real world realization of the invention in the '303 patent.

The evidentiary hearing shall take place on Wednesday, December 15, 2004, at 9:00 A.M., in Courtroom No. 13 on the fifth floor.

SO ORDERED.